Hon. HOMER E. ROYCE,
Hon. JONATHAN ROSS,
Hon. H. HENRY POWERS,
Hon. WALTER C. DUNTON,
} ASSISTANT JUDGES.

---

## LEET A. BISHOP *v.* GEORGE H. BROWN.

### *Assumpsit. Demand.*

The demand necessary in some cases to be made on one who has received money paid by mistake, before action is brought for its recovery, need be in no particular form. It is necessary only that the one who has received it should have notice of the mistake, and be requested, and have a reasonable opportunity, to correct it. Thus, where, in assumpsit for money so paid without apparent fault on the part of the one who received it, plaintiff's evidence tended to show that on the day the writ was served, but before service, plaintiff went to see defendant, who was away from home, told him of his mistake, and requested him to go home and secure him, and that defendant said he could not there say whether there was a mistake or not, but could by examining his books, but that he had business another way, and that plaintiff could attach property if he had a mind to, it was *held*, that there was evidence tending to show a sufficient demand.

GENERAL ASSUMPSIT. Plea, the general issue, and trial by jury, September Term, 1877, PIERPOINT, C. J., presiding.

Bishop *v.* Brown.

The plaintiff sought to recover the sum of $1,000 that he claimed to have overpaid the defendant by mistake in a trade for a farm in Jericho. His testimony and that of Jason Clark, who testified in his behalf, tended to show that on the day the writ was served, but before service was made, he went with the officer to see the defendant and found him at Jericho Center, and told him that he held a note against him—a note that he had previously purchased—and that there was a mistake in the settlement of their trade whereby he had overpaid him $1,000, and requested the defendant to go home and secure him; that the defendant said that the note was all right, but that he couldn't there say whether there had been an overpayment of $1,000 or not, but could tell by examining his books; that he had business another way, and that the plaintiff could attach property if he had a mind to.

There was no evidence tending to show that the mistake was induced by any fraud on the part of the defendant, and it did not appear that it occurred by reason of anything he had done or failed to do, nor that he ever knew of it until informed of it by the plaintiff as above stated.

The defendant contended that there was no evidence tending to show a sufficient demand for the $1,000 before action brought; and the court so ruled, and directed a verdict for the defendant; to which the plaintiff excepted.

*L. F. Wilbur* and *H. Ballard*, for the plaintiff.

There was evidence to warrant the jury in finding a demand. *Hall* v. *Peck*, 10 Vt. 474 ; *Sessions* v. *Newport*, 23 Vt. 9 ; *Gleason* v. *Briggs*, 28 Vt. 135 ; *Cockerell* v. *Kirkpatrick*, 9 Miss. 697 ; *Hibbard* v. *Russell*, 16 N. H. 410 ; *People's Mut. Fire Ins. Co.* v. *Clark*, 12 Gray, 165 ; *Gilbert* v. *Dennis*, 3 Met. 495 ; *Kyld* v. *Hoyle*, 6 Miss. 526.

No demand was necessary. *Chadwick* v. *Divol*, 12 Vt. 499 ; *Kyld* v. *Hoyle, supra ; Josselyn* v. *Ludlow*, 44 Vt. 534 ; *Packer* v. *Button*, 35 Vt. 188 ; *Wood* v. *Barstow*, 10 Pick. 368 ; *Odlin* v. *Greenleaf*, 3 N. H. 270 ; *Watson* v. *Walker*, 3 Fost. 471 ; *Badenbaugh* v. *Cooper*, 13 Rich. 42.

*C. S. Palmer* and *E. R. Hard*, for the defendant.

A proper demand was indispensable to the plaintiff's right of recovery. *Brainard* v. *Champlain Transportation Co.* 29 Vt. 157. The evidence did not tend to prove such a demand.

The opinion of the court was delivered by

Ross, J. The County Court directed a verdict for the defendant, because in its estimation there was no testimony tending to show a sufficient demand before the commencement of the suit. In this the plaintiff claims the County Court erred. The plaintiff's testimony tended to show that in a trade with the defendant he had by mistake overpaid him $1,000 ; that he had also purchased a note against him ; and that, on the day of the service of the writ, he went with the officer to see the defendant, found him at Jericho Centre, told him he had purchased the note, and of the mistake by which he had overpaid him $1,000, and asked him to go home and secure him ; that the defendant admitted the note, said he could not say whether there had been an overpayment of $1,000, that he had business another way, and that the plaintiff could attach property if he had a mind to. This is the substance of the plaintiff's testimony bearing upon the question of a demand for the repayment of the $1,000 before the commencement of the suit.

In *Brainard* v. *Champlain Transportation Co.* 29 Vt. 154, it is said by REDFIELD, C. J., " Money paid by mistake, or overpaid on a certain claim, may ordinarily be recovered back, and sometimes, but not ordinarily, without demand first made ; and in no such case should interest be recoverable, unless it was the fault of the party to whom the payment was made that the overpayment occurred," citing *Stoddard* v. *Chapin*, 15 Vt. 443. In the latter case, the sum overpaid was fifty cents, and it first came to the knowledge of the plaintiff at the trial before the auditor. He had given the defendant no notice of the overpayment before the commencement of the suit. He was not allowed to recover the same. WILLIAMS, C. J., giving the opinion of the court, says, " The plaintiff through mistake overpaid that sum on the note which he gave the defendant, and this mistake was not discovered by either

until after the commencement of this suit, nor previous to the trial before the justice of the peace. It is not found that it was through the mistake of the defendant, or under any uncertainty of the facts, or by miscast, induced by the defendant. The plaintiff had the knowledge of, or the means of knowing, the exact amount due on the note ; and if he overpaid it through his own mistake, it cannot be said that he could immediately, and without giving any previous notice to the defendant, have commenced an action therefor. It partakes so much of the character of a voluntary payment, that we think the plaintiff could not maintain any action therefor until he had pointed out to the defendant the mistake, and given him notice that he should call on him for the payment of the same." We think the foregoing a correct statement of the law of notice or demand relative to the recovery back of money overpaid by mistake. If the mistake was induced by the fraud of the party receiving the same, and he had knowledge of the overpayment at the time, or if he had subsequently discovered the mistake, the duty was then cast upon him to rectify the mistake and repay the money. Thereafter he knowingly has the money of the other party to the transaction in his hands, which he holds against equity and good conscience, and there is no apparent reason for any demand for the repayment of the money before suit. But where the overpayment arises from the mistake or negligence of the party making it, and without the fault or knowledge of the party receiving it, it is reasonable that the party so receiving the overpayment should not be subject to a suit until he has been notified of the overpayment and called upon, and had a reasonable opportunity, to rectify the mistake. We do not think the law requires the use of any particular language, or any formal demand, before a suit can be brought. Whatever language gives him notice of the overpayment, and calls upon him to rectify the mistake, is sufficient. He does not hold the money by any contract, or right created by the party making the overpayment, which he must first terminate before a right of action accrues. The money all the time is the property of the party making the overpayment, but having come into the possession of the other party without his fault or knowledge, he is entitled to be notified

of the fact that he has the money in his possession, and to be called upon to rectify the mistake before he is subject to a suit for its recovery. If the testimony of the plaintiff should gain credence with the jury, it tended, at least, to show that the defendant was notified of the overpayment, and called upon to rectify the mistake. His telling the plaintiff that he could not attend to the matter that day, and he might attach property if he had a mind to, tended to show that the defendant did not ask for further time to consider the matter, and that he considered he had been furnished a reasonable opportunity to rectify the mistake. We think the County Court erred in withdrawing the case from the jury, but should have submitted it with proper instructions. The judgment of the County Court is reversed, a new trial granted, and the cause remanded.