## M. L. HAMBLET *v.* A. A. BLISS.[*]

*Overdue Mortgage Notes.    Mortgagee in Possession.    Practice.*

1. It is not presumed in law that an overdue note uncanceled in the hands of the payee was paid when it fell due; and the production of such notes and the mortgage securing them, in court, and proof of their due execution, establish *prima facie* the existence of indebtedness.
2. If a mortgagee, after condition broken, takes possession of the premises, and cuts the growing crops, such crops are his; and no change of possession is necessary to secure them against attachment by the creditors of the mortgagor; and this is so although the mortgagor continued to reside in the house on the farm, and the mortgagee, his son, boarded with him while he was cutting and gathering the crops.
3. The p'aintiff having presented on trial evidence tending to prove a certain question, the court having intimated how it should rule, namely, that the facts proved did not constitute fraud in law against creditors, the defendant upon this intimation declining to go to the jury as to any disputed fact, the court ordered a verdict for the plaintiff; to which the defendant excepted. *Held,* that the exception does not bring into contention the ruling intimated by the court; that the defendant can only claim, that, admitting all to be true that the plaintiff's evidence tended to prove, he was not entitled to a verdict.

TRESPASS and case for a quantity of hay and oats.    Trial by jury, September Term, 1881, REDFIELD, J., presiding.    Verdict directed for plaintiff.    The defendant justified on the ground that as a constable he sold on execution the property in question.

The plaintiff claimed that he was the owner of an overdue mortgage of the farm on which Leonard Hamblet lived, in the town of Worcester, Vt., and that there was due on said mortgage at the time he claimed he took possession, more than one thousand dollars.    The plaintiff introduced evidence tending to prove the execution of the mortgage deed and notes secured thereby, by the said Leonard Hamblet, claimed to be owned by the plaintiff, and offered the same in evidence, which were admitted by the court. From said notes and mortgage, if nothing had been paid except what had been endorsed, there appeared to be due about the same

[*] Heard August Term, 1882.

sum which the plaintiff claimed. Neither the plaintiff nor the said Leonard Hamblet were called as witnesses or testified as to the amount really due upon said mortgage, if anything; and no witness was called to prove the same. The plaintiff is the son of the said Leonard Hamblet.

The plaintiff introduced evidence tending to show that in July, 1879, he called witnesses, two or three, that he took possession of the farm on which his father then lived, under the mortgage aforesaid, for condition broken; that he then employed help to cut the hay and grain in question. The witnesses on cross-examination said that the plaintiff remained on the farm at that time only four or five days; that he was not there when the oats were cut, but that the hay was cut while he was there; that a little of the grass had been cut down, but none drawn to the barn when he so claimed to take possession; that at this time the said Leonard Hamblet was living in the house on the farm with his wife, and they boarded the plaintiff while he stayed, and also boarded the help that cut and gathered the crops while they were so doing, the plaintiff furnishing supplies when needed.

The defendant did not introduce any evidence in reference to said mortgage or notes; but introduced evidence tending to show the regularity of his proceedings as an officer, as set forth in the defendant's plea. Also, that the said Leonard Hamblet had lived on said farm for many years; that for some years preceding 1879 the plaintiff had visited his father's place in Worcester, remaining a few days during the haying season, and that his visit in July, 1879, had nothing unusual about it; that the said Leonard Hamblet had lived on said farm ever since, and that during all this time he was in possession of the house, and worked on the farm the same as formerly, all he was able to; that the hay and oats sold by the defendant were bid off by some one in the interest of the plaintiff or the said Leonard Hamblet, and that the said Leonard Hamblet used up and fed the same out on the farm. The witnesses whom the plaintiff hired to cut and secure the crops testified to the plaintiff's hiring and paying them for so doing; and the defendant introduced no evidence to contradict them, except as hereinbefore stated. The defendant claimed that the

whole thing was a fraud, and was done by the plaintiff to prevent the said Leonard Hamblet's creditors from collecting their debts.

The court ruled that after a proof of the execution and delivery of the mortgage deed and notes, the producing the same by the plaintiff in court was *prima facie* proof that they were subsisting, and that there was the amount due which appeared upon the face of the papers; that as the defendant had introduced no evidence as to the amount due, that it was sufficient to entitle the plaintiff to recover; and that the plaintiff, being a mortgagee after condition broken, had the right to take possession and cut the crops and leave the hay and oats on the farm in the possession and under the control of the said Leonard Hamblet, and suffer him to use the same; and that the creditors of the said Leonard Hamblet could not attach and hold the hay and oats.

The premises were the old homestead of plaintiff's father and mother; and the plaintiff had from time to time resided there and made advances to them for their support and comforts, and had authorized them to get supplies at the stores on his credit, and that relation continued after he took possession of the premises. The defendant declining to go to the jury on question whether the plaintiff's mortgage debt was *bona fide* and overdue at the time the plaintiff entered upon the premises with his witnesses, and took the possession for the breach of the condition of the mortgage and made public proclamation of the fact, the court intimated that it would hold that plaintiff had the right so to enter, and if he did so on the assertion of a right, the standing grass and grain cut by him would, when severed, become absolutely his property; and that if he afterwards allowed his father to feed out such hay and grain on the premises and continue on the premises as aforesaid, it would not make the transaction fraudulent; under this intimation the defendant declining to go to the jury, as to any disputed fact, the court directed a verdict for the plaintiff for what plaintiff paid to redeem the hay and oats cut by him, to which the defendant excepted.

*S. C. Shurtleff*, for the defendant.

It is certainly true that if a party should declare on a prom-

issory note that it was executed in due form of law, &c., and should omit to aver that the note though due had not been paid, the declaration would be bad on demurrer; the same rule holds good as to evidence. The court ruled that the proof was sufficient as to whether there was anything due on the mortgage. This was purely a question of fact for the jury. It is for the court to say what evidence is admissible; but as to whether or not evidence is sufficient to establish a fact is wholly for the jury. The oats were personal property before severance. *Parker* v. *Staniland*, 11 East, 362; *Graves* v. *Weld*, 5 B. & A. 105; *Saulisbury* v. *Matthewson*, 4 M. & W. 343.

*J. A. & Geo. W. Wing*, for the plaintiff.

We insist that the production of the note and proof of execution is *prima facie* proof that the note is still unpaid. *Evarts* v. *Bostwick*, 4 Vt. 349; 1 Jones Mort. s. 7–19; *Smith* v. *Jones*, 3 Gray, (Mass.) 517. The mortgagee after condition broken has the right at any time to enter on the mortgaged premises and gather the crops and sell and dispose of the same as his own, but must in equity account to the mortgagor for the same, upon redemption of the mortgaged estate by the mortgagor, and it is immaterial what the mortgagee did with the crops when harvested. *Wilson* v. *Hooper and Downing*, 13 Vt. 653; and reaffirmed in *Fuller* v. *Eddy*, 49 Vt. 11; see also *Lull* v. *Matthews*, 19 Vt. 322; *Hagar* v. *Brainard*, 44 Vt. 294; 2 Jones Mort. 1258; 4 Cush. 532; 9 N. H. 168.

The opinion of the court was delivered by

ROSS, J.   The defendant, upon the court's intimating what its ruling would be on certain matters involved, declined to go to the jury upon any disputed fact. He thereby admitted that all which the plaintiff's evidence tended to establish was proven. The court thereupon directed a verdict for the plaintiff, to which the defendant excepted. This exception does not bring into contention the ruling intimated by the court. No exception was saved in regard to that. It only saves to the defendant the right to contend, that if all the plaintiff's evidence tended to prove was true, he was not

entitled to recover. The defendant now attempts to give the exception a wider scope, and to bring in question the correctness of the ruling which the court intimated it should make in the case ; but this court, as has often been decided and promulgated, is bound by the record as certified by the trial court. This excludes from consideration the question of fraud, either in regard to the genuineness of the plaintiff's mortgage debt, or in regard to the honesty of purpose with which he took possession of the mortgaged premises. Fraud is not presumed to have entered into and tainted any transaction. Its existence is a fact to be established by evidence.

I. But if the question of fraud is not open to the defendant, he contends there was no sufficient proof of the existence of any mortgage debt due the plaintiff when he took possession of the mortgaged premises. The plaintiff introduced evidence tending to show the execution of the mortgage deed and of the notes secured thereby, and produced them in court. As the notes were overdue, when produced, the defendant contends that the presumption of law is, that they were paid when they fell due, although found in the hands and possession of the payee uncancelled. We do not understand that such is the presumption of law. A promissory note is written evidence of indebtedness made and delivered by the maker to the payee. The purpose of making and delivering the note, is that the payee may have written evidence of such indebtedness. So long as it continues in the possession of the payee uncancelled, the law regards it as evidence of such indebtedness. When, therefore, the plaintiff produced the mortgage deed and the notes, uncancelled, in court, and proved their due execution, he produced sufficient evidence to establish *prima facie* the existence of the indebtedness witnessed thereby ; he produced the identical evidence of such indebtedness, which had been furnished him by the maker. Against such evidence no presumption of payment arose from the fact that the day of payment had passed. Payment, under our statute and at common law, is a matter of defence, to be established by the defendant. No presumption of payment arises from the lapse of time, after

the obligation or debt fell due, short of the period established by the Statute of Limitations. 1 Greenl. Ev. s. 15, 16 and 39. Mr. Starkie in his work on Evidence, vol. 3, p. 1090, says: "In the usual course of business, a security, where money is paid, is either delivered up to the debtor, or destroyed, and therefore where the fact of payment is otherwise doubtful, the possession of the entire instrument by the creditor affords a presumption that it is still unsatisfied." There was, therefore, sufficient evidence of a debt secured by mortgage to sustain the court in directing a verdict for the plaintiff.

II. The defendant contends there was not sufficient evidence of a change of possession of the property attached by the defendant to uphold the action of the court in directing a verdict for the plaintiff. The plaintiff's evidence tended to show that he took possession of the mortgaged premises under his overdue mortgage, and cut and gathered the hay and oats which the defendant attached as the property of the mortgagor. The law day having run upon the mortgage, the title to the premises, at law, became absolute in the plaintiff. He took possession as the legal owner. The growing crops were his, as much as the land on which they were standing. Whatever may be the legal character of annual crops, there cannot be any doubt but they pass with the land to a purchaser who takes the title and possession of the land while they are still standing upon it. A mortgagee who takes possession of the mortgage premises under his mortgage for condition broken, is such purchaser. At law he is the absolute owner in possession. In equity also he is the owner of the crops growing, and to be grown by him upon the premises while in possession, and only accountable to the mortgagor for the rental value of the premises, on the redemption thereof. It is true that such crops belong to the mortgagor who is allowed to remain in possession, and severs such crops. This is all that is decided in *Cooper* v. *Cole*, 38 Vt. 185, relied upon by the defendant. Although the plaintiff in that case had foreclosed his mortgage, he had never taken possession under it, but had agreed with the mortgagor that he should foreclose, but that the mortgagor should still have the

right to redeem the same as before the foreclosure, but take a lease of the premises in which the plaintiff reserved the crops as security. The court treated it, as they always do such make-shifts, as not having in the least changed the relation of the plaintiff in regard to the mortgage premises, but that he was still a mortgagee out of possession, and that the crops grown thereon by the real mortgagor in possession were attachable by the creditors of the latter. In the case at bar, the crops, over which this contention is, were never in the possession of the mortgagor when attachable by his creditors. While growing, such crops are exempt from attachment. R. L. s. 1556. They were severed by the plaintiff while in possession under his mortgage, so that they were his property when they first took an attachable form. Since they never were attachable as the property of the mortgagor, it is difficult to understand what application the doctrine requiring a change of possession of personal property to prevent its attachment by the creditors of the vendor, has to the facts of this case. The mortgagor was not the vendor of the *hay and grain* attached. If a change of possession were required, the facts which the plaintiff's evidence tended to show, were sufficient to protect it from attachment.

The judgment of the County Court is affirmed.