MARGARET O'CONNOR *v.* GEORGE H. SOWLES.

*Practice.  Trial.  Estoppel by Conduct.*

The defendant, claiming that the plaintiff was estopped by her conduct, moved for a verdict, and declined to go to the jury on any question, after the motion had been overruled. The court submitted only the question of damages; *Held,* that the only contention in the Supreme Court was, whether the plaintiff could recover, admitting all to be true that her testimony tended to show.

TROVER for hay and oats. Plea, not guilty. Trial by jury, February Term, 1884, ROYCE, Ch. J., presiding. Verdict for the plaintiff.

It appeared, that the plaintiff owned the farm on which the hay and oats were raised; that they were sold by the defendant on execution issued against her brother, who occupied the said farm; that she also owned all the personal property on the farm; that she paid the expense of running said farm; that the plaintiff testified on cross-examination, that her brother had permission from her to sell the products on the farm, and take and use the money to pay for labor done on the farm, store bills, etc. It also appeared that the brother told defendant that the hay was his, and defendant so supposed.

*H. C. Adams,* for the defendant.

The defendant's testimony tended to show that the plaintiff was estopped by her conduct from claiming title to the property. *Soper* v. *Frank,* 47 Vt. 368. The case should have been submitted to the jury with instructions as to what constitutes an equitable estoppel. *Lewis* v. *Brainerd,* 53 Vt. 519; *Palmer* v. *St. Albans,* 56 Vt. 519.

O'Connor *v.* Sowles.

*D. G. Furman,* for the plaintiff.

The motion was properly overruled. *Richards* v. *Davison,* 1 Aik. 215; *Danforth* v. *Streeter,* 28 Vt. 494; *Cole* v. *Goodall,* 39 Vt. 400; *Mudget* v. *Johnson,* 42 Vt. 423.

The opinion of the court was delivered by

ROWELL, J. The defendant moved for a verdict in his favor, for that the plaintiff, by her own conduct, was estopped from maintaining the action. The court overruled the motion; whereupon the defendant declined to go to the jury on any question; and thereupon the court submitted the case to the jury on the question of damages only; to all which the defendant excepted.

By declining to go to the jury, the defendant admitted as proved all that the plaintiff's evidence tended to show; hence, the only contention he can now make is, that if all is true that her testimony tended to show, she cannot recover. But he makes no such contention; but only contends that he was entitled to go to the jury on the question of estoppel. *Hambelt* v. *Bliss,* 55 Vt. 535.

Judgment affirmed.