## SIDNEY GILLETT v. HENRY BREWSTER.

*When demand must be made before suit to recover overpayment.*

An overpayment, voluntarily made, through the mistake or negligence of the party making the same, and not induced by the fraud of the party receiving it, cannot be recovered without previous notice and demand.

General assumpsit. Heard on the report of a referee at the September Term, 1889, MUNSON, J., presiding. Judgment for the defendant. The plaintiff excepts.

The plaintiff had employed the defendant for two successive winters to cut and draw logs for him at an agreed price per thousand, and had paid him various sums from time to time. At the end of the second winter the defendant brought suit to recover the balance due, and the plaintiff paid him two hundred dollars "on account." Subsequently, becoming satisfied that there was in part an overpayment, he brought this suit for the excess. The referee found the fact of an overpayment, but that the plaintiff had never notified the defendant of his claim in this respect, or demanded repayment.

*S. H. Davis* and *D. J. Foster*, for the plaintiff.

By bringing his suit against the plaintiff and claiming a greater amount than was due, when the plaintiff could not ascertain just what that sum was, the defendant virtually induced this overpayment. 44 Vt. 325 ; 34 Vt. 558 ; 15 Vt. 460.

*H. Ballard*, for the defendant.

The payment having been voluntary in settlement of the defendant's disputed claim, nothing could be recovered even with a demand. *Wheatley* v. *Waldo*, 36 Vt. 237 ; *Taggart* v. *Rice*, 37 Vt. 47.

Clearly not without a demand. *Bishop* v. *Brown*, 51 Vt. 333 ; *Stoddard* v. *Chapin*, 15 Vt. 443 ; *Brainerd* v. *Champlain Trans. Co.*, 29 Vt. 154 ; *Burnham* v. *Town of Strafford*, 53 Vt. 613.

Gillett *v.* Brewster.

The opinion of the court was delivered by

ROYCE, Ch. J. The only question presented for our consideration in this case is, whether an overpayment, voluntarily made, through the mistake or negligence of the party making the same, and not induced by the fraud of the party receiving it, can be recovered back without a previous notice and demand.

We regard the case of *Bishop* v. *Brown*, 51 Vt. 330, decisive of the question. It is there said : " If the mistake was induced by the fraud of the party receiving the same, and he had knowledge of the overpayment at the time, or if he had subsequently discovered the mistake, the duty was then cast upon him to rectify the mistake and repay the money. Thereafter he knowingly has the money of the other party to the transaction in his hands, which he holds against equity and good conscience, and there is no apparent reason for any demand for the repayment of the money before suit. · But where the overpayment arises from the mistake or negligence of the party making it, and without the fault or knowledge of the party receiving it, it is reasonable that the party so receiving the overpayment should not be subject to a suit until he has been notified of the overpayment and called upon, and had a reasonable opportunity to rectify the mistake."

That the payment was expressed to be " on account," and not in final settlement, can make no difference with the rights of the parties, but serves only as evidence of the mistake or negligence of the party making the overpayment, in supposing that he was only paying on account, when in reality he was paying a larger sum than the whole amount actually due. Nor can it affect their rights that the amount of such payment was, at the time of suit brought, unascertained. No formal demand or of any specific sum is necessary. " Whatever language gives him (the defendant) notice of the overpayment, and calls upon him to rectify the mistake, is sufficient." " The money all the time is the property of the party making the overpayment, but having come into the possession of the other party without his fault or knowledge, he is entitled to be notified of the fact that he has the money in his possession, and to be called upon to rectify the mistake, before he is subject to a suit for the recovery." *Bishop* v. *Brown, supra.*                    *Judgment affirmed.*