### H. W. VARNUM v. TOWN OF HIGHGATE.

GENERAL TERM, 1892.

*Declaration.  Judgment on good count.  Practice.  Mistake of fact.  Demand before suit.  Commissioners.*

1. Where a declaration contains several counts for the same cause of action, one of which is good, a general judgment will not be reversed for that the trial court improperly refused to dismiss the other counts.  The verdict and judgment are deemed to be upon the good count.

2. If a defendant at the close of the plaintiff's case moves for a verdict and states that he does not desire to go to the jury, he thereby admits all that the evidence of the plaintiff tends to prove.

3. A mutual mistake as to the title of personal property sold, may be one of fact, so as to permit a recovery of the purchase price, although arising from a misinterpretation of law.

4. In such a case, where the defendant represents that he has title, no demand need precede the bringing of suit.

5. A commissioner, appointed under No. 16, St. 1886, to superintend the expenditure of State funds appropriated in support of highways, may recover in his own name a payment made under a mistake of fact for materials used.

Assumpsit.   Plea, the general issue.   Trial by jury at the December term, 1891, Lamoille county, THOMPSON, J., presiding.   Verdict and judgment for the plaintiff.   The defendant excepts.

The evidence of the plaintiff tended to show that in 1885 the county court for the county of Franklin made an order that a certain bridge across the Missisquoi River in the town of Highgate should be rebuilt; that three-fourths of the expense should be borne by the State and one-fourth by the town of Highgate; and that the plaintiff was appointed commissioner under the statute to superintend the expenditure of the money.

At that time there were at the point where the bridge was to be built certain stone piers and abutments upon which the old bridge had rested.   The town of Highgate claimed to own these stone and proposed to sell them to the plaintiff for the purpose of being used in the construction of the new bridge.   The selectmen of the town informed the plaintiff that the county court in making the order had decided that these stone were the property of the town.

For the purpose of informing himself upon this point, the plaintiff went to St. Johnsbury to see the judge who presided at the term of the county court at which the order in question was made, and was informed by him that the county court did in fact consider the stone to be the property of the town. Thereupon the plaintiff purchased the stone of the defendant town and paid for them the sum of $600.

When the plaintiff settled his account with the state auditor this item of $600 was disallowed upon the ground that the stone were the property of the public and not of the town of Highgate, and should have been used in the rebuilding of the bridge without compensation to any one.   Thereupon the plaintiff, without any demand upon the defendant, brought this suit.

At the close of the plaintiff's evidence the defendant moved the court for a verdict in its favor and both parties stated in open court that they did not desire to go to the jury upon any question.

The court directed a verdict for the plaintiff in the sum of $600 with interest from the date of the writ, to which the defendant excepted.

The declaration of the defendant contained two special counts and the general counts. Before commencing the trial of the case the defendant moved the court to dismiss the two special counts. The motion was overruled and the defendant excepted.

*C. G. Austin* for the defendant.

If any mistake was made it was a mistake of law and against this there can be no relief. Kerr Fr., 408, notes and cases cited ; *Bank* v. *Daniel*, 12 Peters 32 ; *Hill* v. *Bush*, 19 Ark. 522, 529; *Trigg* v. *Read*, 5 Hump. (Miss.) 529; *McCabb* v. *Richardson*, 24 Me. 82 ; *Hunter* v. *Gredy et al.*, 1 Ohio 449 ; *Clark* v. *Dutcher*, 9 Cow. 674, 681, 683, 685, 686.

There should have been a demand before suit brought. *Gillett* v. *Brewster*, 62 Vt. 312 ; *Bishop* v. *Brown*, 51 Vt. 333 ; *Stoddard* v. *Chapin*, 15 Vt. 443 ; *Brainerd* v. *Champlain Transportation Co.*, 29 Vt. 154.

*P. K. Gleed* for the plaintiff.

Money paid under such circumstances that the receiver has no right in good conscience to retain it may be recovered back in assumpsit. *Northrop* v. *Graves*, 19 Conn. 548 ; *Brown* v. *Sawyer*, 1 Aik. 130; *Manchester* v. *Burns*, 45 N. H. 482 ; *Garland* v. *Salem*, 9 Mass. 408 ; *Lewellen* v. *Gannett*, 58 Ind. 442 ; *Citizens' Bank of Baltimore* v. *Grafflin*, 31 Md. 507.

The plaintiff may recover in his own name. *Jefts* v. *York*, 10 Cush. 392 ; *Hargans* v. *Ablon*, 3 Denio, 406 ; *Mowatt* v. *Wright*, 1 Wend. 356.

The opinion of the court was delivered by

TAFT, J. *a.* Whether the court erred in refusing to dismiss the special counts is now immaterial.    There is a good count in the declaration for the same cause of action, and the verdict is deemed as the finding of the jury on the good count, as it does not otherwise appear, and judgment must be given according to the right of the case and the matters in law, without regard to the counts in the question.    R. L. s. 913.

*b.*    The plaintiff purchased of the defendant certain stone and paid six hundred dollars for them.    The defendant had no right to sell them, had no title to them for that purpose, as they were part of a highway bridge then being rebuilt under the provisions of the statutes.    No. 11, Acts 1884, and No. 16, Acts 1886.    After the plaintiff's evidence was closed the defendant did not desire to go to the jury on any question, thereby admitting as proved all the plaintiff's testimony tended to establish. *Hamblet* v. *Bliss*, 55 Vt. 535 ; *O'Connor* v. *Sowles*, 57 Vt. 470 ; *Hawkins* v. *Ins. Co.*, *Ibid* 591. Under this rule it may be regarded that it was established upon trial that the contract of sale was made under a mutual mistake of a material fact, viz. : the ownership of the stone, or the right of the plaintiff to sell them.    This was an error of fact ; it may have arisen because the parties misjudged the law, still it was no less an error of fact.    Right of private ownership is matter of fact, although it may result from a question of law. It has been held that when a contract, as applied to the subject matter, conveys a different right, or effectuates a different purpose from that intended by the parties, although the language of the contract was intentionally used, the mistake is treated as one of fact not of law. *McKenzie* v. *McKenzie*,

52 Vt. 271; _Tabor_ v. _Cilley_, 53 Vt. 487. By the act of selling the defendant undertook to transfer the property in the stone to the plaintiff, but the latter acquired nothing by the sale, for the town had nothing to convey. A contract so made under a mutual mistake of fact can be avoided in a court of law. _Ketchum_ v. _Catlin_, 21 Vt. 191; _Faulkner_ v. _Hebard_, 26 Vt. 452. Upon the ground of a mutual mistake of fact in respect of the subject matter of the contract, the plaintiff had the right to avoid the sale, and is entitled to recover the consideration he paid for the stone.

_c._ It is insisted that a demand was necessary before suit. When money is paid by mistake, a demand is sometimes necessary, sometimes not. When the payor is not in fault, and the payee receives the money in his own wrong, no demand is necessary, and none of the cases cited upon this point so holds. The plaintiff was not in fault when informed by the selectmen of the town that they claimed the court had held that the stone belonged to the town, he journeyed to St. Johnsbury to see one of the members of the court, and was confirmed in his belief of that fact. The selectmen ought to have known they had no right to receive the money; they shall not be permitted to say " We did not know we were doing wrong when we put our hands into the State's treasury and took so much money and put in our own." No demand was necessary. _Sharkey_ v. _Mansfield_, 90 N. Y. 227.

_d._ The legal title of the money paid the defendant was in the plaintiff. He drew it from the State treasury, and was accountable for it to the State: ss. 5, 6, No. 16, Acts 1886. The plaintiff can recover it, in an action in his own name against the defendant.

_e._ No question of a disputed claim and a compromise thereof is presented by the evidence.

_f._ No laches appear on the part of the plaintiff. The suit was brought within two years from the time the State auditor

disallowed the item sought to be recovered, and the defendants have not been injured by the delay.

*Judgment affirmed.*

Start, J., did not sit, having been of counsel.