TURNER FALLS LUMBER CO. *vs*. CHARLES E. BURNS.

May Term, 1899.

Present: TAFT, C. J., TYLER, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed July 5, 1899.

*Evidence—Declaration of Deceased Person as to Boundaries.*—A declaration touching the boundaries of land, made by one who is at the time upon or near them and pointing them out, may be received as evidence of their location, after the decease of the declarant, if it appears from other sources than the declarant's own statement, that he had knowledge, or peculiar means of knowledge, with no special interest to misrepresent, and if from lapse of time there is no reasonable probability that testimony of those having actual knowledge can be obtained.

*Apparent Lines—Real Lines—Finding of Referee Conclusive.*—There was nothing in the case to show that the parties contracted with reference to the apparent lines instead of the true ones, and the finding of the referee as to the correct location is conclusive.

*Division Line—Payment under Mistake.*—The parties owned adjoining lands; neither knew where the line was; neither claimed it to be in any particular location. The plaintiff bought timber on the defendant's land and a surveyor mutually agreed upon ran the line between the lands, and ran it wrong. Relying upon it as correct, the plaintiff paid the defendant for timber which it had cut upon its own land. *Held*, that the plaintiff might recover the payment as having been made under a mutual mistake of fact, for the plaintiff was not estopped, and it was not a case of compromise for there had been no dispute between the parties when the line was run.

*Law or Fact.*—The ownership of property is a matter of fact, although it may result from a question of law.

*Demand—Necessity for.*—A demand was unnecessary, for the plaintiff was not in fault and the defendant was, having sold the timber to the plaintiff by representing that he owned the disputed land and having assisted the surveyor in running the line.

GENERAL ASSUMPSIT. Heard on the report of a referee, at the March term, 1899, Essex county, *Rowell*, J., presiding. Judgment for the defendant. The plaintiff excepted.

This action was brought to recover back money paid by the plaintiff to the defendant for timber taken from the

plaintiff's own land.  The plaintiff and the defendant were adjoining owners and the line between their lands was uncertain.  The plaintiff bought the timber of the defendant upon the land in question upon the latter's representation that the land belonged to him and a surveyor was agreed upon who, with the assistance of the defendant, ran the line and ran it as the referee finds erroneously.  Relying upon the line as run the plaintiff after cutting off the timber paid the defendant for it and afterwards without making any demand for the return of the payment brought this suit to recover it back.

*Bates, May & Simonds* and *Ladd & Fletcher* for the plaintiff.

*Harry Blodgett* and *Dunnett & Slack* for the defendant.

TAFT, C. J.  (1)  The testimony showing the declarations of the deceased persons, Stewart and Bell, was admitted under exception.  That hearsay evidence is not admissible, is a general rule.  There is an exception to the rule which is well stated in *Wood* v. *Willard*, 37 Vt. 377.  The declarations of deceased persons in respect to the boundaries of land may be admitted under certain conditions.  The question before us is, does the testimony fall within the exception.  The facts making such testimony admissible are not to be proved by what the declarant said but must be proved by other means.  One condition of its admissibility is, that it must be shown the deceased person had actual knowledge, of the boundaries of the lands, or, that from his connection with them, or their situation, and his experience in regard to such boundaries and the surveys of the land, he had peculiar means of knowledge, so that it may be fairly inferred he had actual knowledge of the same, with no interest to misrepresent, although not wholly disinterested in the subject.  Such declarations made upon or in the vicinity of the boundaries and pointing them out, may be received as to their location, when from lapse of time there

is no reasonable probability that testimony can be obtained from those who had actual knowledge on the subject. That Stewart and Bell had actual knowledge on the subject upon which their declarations were given, may fairly be inferred from the facts shown. Bell was a surveyor, and put up "the old cedar stake" which marked the corners between ranges 4 and 5. He owned lot 19 in range 5, and Stewart owned the corresponding lot 19 in range 4. The two were upon the premises, were there for the purpose evidently of marking the corners, for Bell then put up the cedar stake, and both declared it to be the original corner. It is inferable that they had actual knowledge of the location of the corners. It does not appear from the report that the deceased persons had any interest to misrepresent, nor that the time when the declarations were made was so recent that there was a reasonable probability that testimony could then be obtained from those who had actual knowledge on the subject; these facts must appear to justify us in reversing the ruling of the referee. The testimony was properly admitted. See *Child* v. *Kingsbury*, 46 Vt. 47.

(2) There was testimony in the case which tended to show the location of certain old fences and lines of occupation, and spotted trees upon such lines, and the defendant claims that this testimony should be used as determinative of where the range lines of said lots are, for the reason that the parties must have contracted with reference to the apparent lines as shown by such fences and lines of occupation. There is nothing in the case to show that the parties contracted with reference to any apparent lines, and the question need not be considered. The testimony tending to show the old fences and lines was before the referee and was considered by him in connection with all the testimony in the case, and from it all he finds that the claimed apparent lines are not the true range lines, and his finding in that respect is conclusive.

(3) The defendant claims that the arrangement between

the parties by which surveyor Williams should run the line between the land of the respective owners was conclusive and binding upon them,—the principle which is applicable in cases of disputed boundary lines, and a compromise of such disputes.

The referee does not find anything in the proceedings in the nature of an adjudication, or such an acquiescence in the line run as would conclusively fix its location.

The defendant contends that this finding is a conclusion of law, and not warranted by the facts found by the referee; that the court should set aside such finding and draw such conclusions as the facts found warrant. If in fact it is a question of law, the conclusion drawn by the referee was correct. The parties owned adjoining lands; neither knew where the line was; neither claimed it to be in any particular location. The plaintiff bought the timber on the defendant's land and the surveyor ran the line between the lands and erroneously located it. There was no controversy of a disputed claim and a compromise thereof, presented by the evidence. The conclusion of the referee was correct. Upon the question of compromise see next point.

(4) The defendant insists that the case does not disclose a payment under a mistake either of law or fact. It is unnecessary for us to consider the effect of the mistake, if it was one of law. It was clearly one of fact. After the survey all the parties supposed that the division line was many rods from its true location, and so believing, the plaintiff paid the defendant for its own lumber. There was a mutual mistake as to its ownership. The ownership of property is matter of fact, although it may result from a question of law.

The defendant further insists under this point that the arrangement by which the line was run was binding upon all parties, in the nature of a compromise, and that the plaintiff is estopped from disputing it.

In regard to the parties being bound by the running of the

line by Williams, the case is analogous to *Burnell* v. *Maloney*, 39 Vt. 579, in which adjoining owners procured a surveyor to run the lines dividing their lands, and upon hearing, it was insisted that the division line thus established was conclusive upon the parties. *Pierpoint*, C. J., says in the opinion, "All agreed that Withers was entitled to 150 acres to be taken off the south end of the gore, by a line to be run parallel with the south line thereof. All that the parties attempted to do on the occasion referred to was to run that line; in running it, Saxe, the surveyor, by mistake run it too far south, so that it did not give Withers the 150 acres, to which he was entitled. We think it has never been held that such a transaction is conclusive upon the parties to it."

(5) The defendant further insists that the sale was one of personalty, and that the plaintiff having taken the property, cannot now claim that the line was erroneously located. That it adopted the line and cannot now deny it. This view cannot prevail against the principle applicable in case of a mutual mistake.

(6) The defendant contends that the payment was a voluntary payment and cannot be recovered back, and cites *Stevens* v. *Head*, 9 Vt. 174; *McDaniels* v. *Bank of Rutland*, 29 Vt. 230; *Taggart* v. *Rice*, 37 Vt. 47.

It is held in these cases that when one pays money which he is under no legal obligation to pay with full knowledge of the facts he cannot recover it back. Such is not the case before us, but a payment made under a mutual mistake.

(7) Was a demand necessary to enable the plaintiff to maintain its action. The rule stated in *Varnum* v. *Highgate*, 65 Vt. 416, that "when the payor is not in fault, and the payee receives the money in his own wrong, no demand is necessary," is well settled with us.

In our cases in which a demand has been held necessary the payor was held to be in fault in *Stoddard* v. *Chapin*, 15 Vt. 443; *Brainerd* v. *Cham. Tr. Co.*, 29 Vt. 154; *Gillett* v.

*Brewster*, 62 Vt. 312, and the payee not in fault in *Bishop* v. *Brown*, 51 Vt. 330.

In the case before us the plaintiff was not in fault, and we hold the defendant received the money in his own wrong. The plaintiff knew nothing of its lot lines. It was induced to purchase the timber by the representations of the defendant that he owned the land in dispute and the line was run by the surveyor and the defendant. Bowman, the representative of the plaintiff, being there simply to mark the trees. The defendant was responsible for the error in locating the division line. The suit can be maintained without previous demand, under the rule laid down in *Varnum* v. *Highgate, supra*

> *Judgment reversed and judgment for the plaintiff.*