WINFIELD S. HOLT *v.* ADOLPHUS RULEAU.

Special Term at Rutland, November, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed January 4, 1918.

*Common Counts—Recovery Thereunder—Money which Defendant cannot Conscientiously Retain—Laches—When Available as Defence.*

Where one has money in his hands belonging to another, which he has no right conscientiously to retain, the same may be recovered in an action of contract on the common counts.

Defendant conveyed by warranty deed certain land to plaintiff's father, on whose death it was decreed by the probate court to the plaintiff. Defendant, thereafter, deeded the same land by warranty deed to plaintiff, who did not know that it had been decreed to him, but believed it to be owned by defendant, as the latter knew. *Held*, defendant could not conscientiously retain the purchase price paid him by plaintiff, and the fact that plaintiff had not offered to release him from liability on his warranty deed, did not affect his liability, he being already bound by his warranty deed to plaintiff's father, to whose rights plaintiff succeeded. ·

To avail himself of the equitable defence of laches, a defendant must make it appear that the delay of which he complains has worked an injury to him.

CONTRACT, in the common counts. Plea, the general issue. Heard on the report of a referee at the December Term, 1916, Bennington County, *Slack*, J., presiding. Judgment for plaintiff. Defendant excepted. The opinion states the facts.

*Batchelder & Bates* for defendant.

*Holden & Healey* for plaintiff.

Where money has been obtained by one person from another through fraud or mistake and without consideration, it' may be recovered back in this form of action. *Johnson* v. *Cate*, 77 Vt.

218, 225; *Colgrove* v. *Fillmore,* 1 Aik. 347; *James* v. *Hodsden,* 47 Vt. 127; *Loomis* v. *Wainwright,* 21 Vt. 520; *C. & P. R. R. Co.* v. *Newell,* 31 Vt. 364; *D'Utricht* v. *Melchor,* 1 Dall. 428, 1 L. ed. 208; *Sharkey* v. *Mansfield,* 90 N. Y. 227; 2 Greenleaf on Evidence, Secs. 123, 124.

MILES, J. This is an action of contract on the common counts, to recover money paid under a mistake of fact. The case was referred and report made, and upon the finding of facts reported, judgment was rendered for the plaintiff. No exception was taken to the report and only one is brought to this Court, and that is to the judgment rendered upon the report.

From the report and the exhibits referred to and made a part thereof, it appears that on the 13th day of December, 1864, Edwin D. Mattison conveyed a ten acre piece of land in Sunderland, Vt., to the defendant; that on the 31st day of March, 1869, the defendant conveyed the same land to Timothy H. Holt, father of the plaintiff, by warranty deed which was duly recorded in the land records of said Sunderland on the same day; that afterwards the said Timothy died, and on the 20th day of March, 1902, the probate court for the district of Manchester decreed the same land, with other real estate, to the plaintiff, described in said decree as follows: "The home farm in said Sunderland, being all the real estate standing in the name of the said Timothy Holt, deceased." Said decree was recorded in the land records of Sunderland on the first day of April, 1902. On the 9th day of September, 1904, the deed from Mattison to the defendant not having been recorded, and the plaintiff, not knowing that he was the owner of the ten acre piece of land previously deeded to the plaintiff's father by the defendant, and decreed to him by the probate court, bargained for the same land, and received from the defendant a warranty deed of the same for which he then and there paid the defendant the sum of one hundred dollars. On the 23rd day of September, 1904, the defendant for the first time caused the deed given to him by Mattison in 1864, to be recorded.

This suit is brought to recover the one hundred dollars paid by the plaintiff to the defendant as herein stated, and the only question raised is whether the facts reported justify the judgment rendered.

It is well settled in this State that where one has money in his hands belonging to another, which he has no right conscientiously to retain, the same may be recovered in a suit in contract on the common counts. *Rowell, J.,* states the correct principle in *State* v. *St. Johnsbury,* 59 Vt. 332, 10 Atl. 531, in the following language: ''But in order to maintain this action there need be no privity between the parties, nor any promise to pay, other than what arises and is implied from the fact that the defendant has money in his hands belonging to the plaintiff that he has no right conscientiously to retain. In such case the equitable principle on which the action is founded implies the promise. Where the fact is found that the defendant has the plaintiff's money, if he can show neither legal nor equitable grounds for keeping it, the law creates the privity and the promise.''

In the case at bar it is found that the defendant has in his hands money received from the plaintiff for which he gave the plaintiff nothing, the plaintiff at the time believing that he was receiving something for it, and the defendant knowing that he so understood. In the circumstances of this case, the defendant has money in his hands which he cannot ''conscientiously retain.''

In line with *State* v. *St. Johnsbury, supra,* are *Ketchum* v. *Catline,* 21 Vt. 191; *Babcock* v. *Granville,* 44 Vt. 325; *Varnum* v. *Highgate,* 65 Vt. 416, 26 Atl. 628; *James* v. *Hodsden,* 47 Vt. 127; *Mathie* v. *Hancock,* 78 Vt. 414, 63 Atl. 143; *Morse* v. *Kenney,* 87 Vt. 445, 89 Atl. 865; *Underhill* v. *Rutland R. R. Co.,* 90 Vt. 462, 98 Atl. 1017.

The defendant argues that no demand before suit was brought is found and that for that reason the judgment is erroneous. No demand was necessary. *Babcock* v. *Granville, supra; Varnum* v. *Highgate, supra; Turner Falls Lumber Co.* v. *Burns,* 71 Vt. 354, 45 Atl. 896.

The defendant further argues that the plaintiff is not entitled to recover on the facts found, because it does not appear in the findings that he did not know that he was the owner of the ten acre piece. The referee finds in express words that he did not know and supposed that the defendant was the owner of the land deeded to him.

The defendant further argues that the report does not show that the plaintiff offered to place the defendant in his former position by relieving him from his liability on his warranty in the

deed to the plaintiff. This argument is not well grounded, for the warranty in the deed to the plaintiff created no additional liability of the defendant, he being at the time that deed was given liable under the former warranty to the father of the plaintiff, to whose rights the plaintiff succeeded.

The defendant claims that the report shows that the plaintiff is guilty of laches and therefore he cannot recover upon the facts found. Laches, as all the authorities agree, is an equitable defence, and if a defendant would avail himself of that defence, he must make it appear that the delay has worked an injury to him. The principle is well stated in 10 R. C. L. 396, § 143, as follows: "Hence, it has been said, laches in a legal significance, is not merely delay, but delay that works a disadvantage to another. So long as parties are in the same condition, it matters little whether one presses a right promptly or slowly, within limits allowed by law; but when, knowing his rights, he takes no steps to enforce them until the condition of the other party has in good faith, become so changed that he cannot be restored to his former state, if the right be then enforced, delay becomes inequitable, and operates as an estoppel against the assertion of the right."

This does not appear in the report in this case and hence the defendant has no standing upon this ground. There was no error in the judgment below.

*Judgment affirmed.*