### Vermont Structural Steel v. Herbert and Joyce Brickman

[290 A.2d 28]

No. 27-72

Present: Shangraw, C.J., Barney, Keyser and Daley, JJ., and Gibson, Supr. J.

Opinion Filed April 18, 1972

*Wick, Dinse & Allen,* Burlington, for Plaintiff.

*Robert E. Broderick,* of *Ryan, Smith & Carbine,* Rutland, for Defendants.

**Per Curiam.** This case involves the new rules of procedure, both trial and appellate. The case was tried by the court below, and after completion of the hearing, a so-called judgment order was filed on December 21, 1971. In the new terminology of Rule 52, V.R.C.P., this was a "notice of the decision". As contemplated by this rule, requests for findings were filed by both plaintiffs and defendants on December 27, 1971. The notice of decision would have become the judgment order in the absence of the requests for findings by one or both parties.

The trial court then proceeded to make findings and enter judgment pursuant to Rule 58, V.R.C.P. This judgment order

was filed, and presumably entered in accordance with Rule 79(a), V.R.C.P., on February 7, 1972. This order, in form, repeated the language and date of the December 21, 1971, order. On February 10, 1972, the defendants filed a notice of appeal. On February 18, 1972, an amended judgment order was filed, and on February 24, 1972, the case was certified to this Court.

Under Rule 52, V.R.C.P., the judgment entered following the making and filing of findings becomes the effective judgment in the case superseding the original notice of decision. The period for filing a notice of appeal commences to run from the entry of that judgment under Rule 4, V.R.A.P. In this case difficulty arose because the new judgment order of February 7, 1972, duplicated the December 21, 1971, order even as to date. The notice of appeal then identified it as the judgment order of December 21, 1971. We are persuaded, from the files and entries before us, that it was the judgment order of February 7, 1972, to which the notice of appeal of February 10, 1972, was intended and should be understood to apply; and we will so treat it. It was, therefore, well within the time limitation of Rule 4(a) V.R.A.P.

There remains a possible subsidiary issue relating to the later amendment of the judgment order as to interest and costs on February 18, 1972. Since the case is now before us, and the issue may be raised in connection with the appeal, there is no occasion to treat the matter in connection with this motion to dismiss.

*Motion to dismiss the appeal denied. Let the parties proceed to perfect the appeal.*