**Evelyn L. Turner, as Executrix of the Estate of Allen J. Turner v. Katherine K. Turner**

[305 A.2d 592]

No. 105-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed April 3, 1973

Motion for Reargument Denied May 4, 1973

254

*John S. Burgess, Esq.,* Brattleboro, for Plaintiff.

*Weber, Fisher, Perra & Gibson,* Brattleboro, for Defendant.

**Daley, J.** Evelyn L. Turner, in her capacity as executrix of the estate of Allen J. Turner and sole devisee and legatee under his will, brought a civil action in the Windham County

Court against the defendant praying that the court, in the exercise of its equity powers, decree to her certain lands in Vernon, Vermont, now standing in the name of the defendant as surviving tenant by the entirety. The plaintiff's action was dated July 12, 1971.

Acting in accordance with equity powers under the Vermont Rules of Civil Procedure, the presiding judge of the court heard the cause, filed findings of fact, and dismissed the action upon the ground of laches.

The issues before us are twofold:

(1) Is the court's judgment order dismissing plaintiff's claim as being barred by the doctrine of laches supported by the law and the evidence?

(2) Did the court commit prejudicial error in its application of V.R.C.P. 52?

The plaintiff's claim to the Vernon woodland property is based upon certain written articles of partnership entered into on July 1, 1947, between her late husband and the late husband of the defendant, who were brothers. This instrument provided in paragraph 9:

> "Upon the death of either partner all property owned by the partnership shall become the property of the survivor. Neither the estate nor the heirs of the deceased partner shall have any claim against the survivor for any part of the value of the deceased partner's interest in the partnership assets. The survivor shall be solely and fully responsible for all partnership debts."

This same instrument also provided that title to any parcel of land acquired may be placed in the name of either partner or both partners as they shall agree. Taxes were to be borne equally by the partners. Each partner covenanted that he would not purchase any timberland on his own account rather than in behalf of the partnership. Frederick J. Turner was given authority to select all parcels of land to be acquired by the partnership and to negotiate for the purchase of the same. Before committing the partnership to the transaction, he was required to secure the written consent of his brother, Allen.

Pursuant to paragraph 11 of the articles of partnership, agreement upon any proposed purchase or sale of property was to be manifested by a statement setting forth a brief description of the property, and the terms of the transaction. This statement was to be appended to each copy of the partnership articles, dated and signed by both partners. Such statement was to be deemed a part of the articles of partnership for all purposes. The purpose of the partnership was to acquire, hold, and dispose real estate used to grow and sell forest products.

Frederick Turner resided in Vermont and his brother in Connecticut. The land at issue was purchased on March 22, 1948. It contained one hundred acres more or less, and title to the land was taken in the name of Frederick J. Turner. There is no evidence in the record of compliance with the provisions of paragraph 11 of the agreement dated July 1, 1947.

The partners had previously, in 1947, purchased land in the Town of Dover, title to which had been taken in the name of Frederick J. Turner. This property was treated as being partnership property and no dispute as to it is involved here. At the time of her marriage, the defendant knew that the Dover lands were owned by her husband and his brother. She also knew that the Vernon property was owned by her husband, but did not know that Allen had any interest in it.

Record title to the Vernon property remained in the name of Frederick J. Turner until April 13, 1961, when it was transferred to Frederick J. Turner and Katherine Turner as tenants by the entirety; and the deed of transfer is recorded in the Vernon land records. Frederick Turner deceased on December 14, 1964, and the defendant holds record title as the surviving tenant by the entirety. Allen J. Turner, who married the plaintiff in the year 1948, some ten years previous to the defendant's marriage to his brother, deceased in 1971.

Allen J. Turner took no legal action to assert any claim to the Vernon property during the lifetime of his brother or subsequent to his decease. The defendant paid the taxes

upon the property after her husband's death, but the record fails to support the finding that she otherwise maintained the property. The lower court, in arriving at its conclusion of laches, found:

> "Plaintiff's husband and plaintiff have patently failed to seek remedy within a reasonable period of time and with reasonable diligence.
> The delay in taking action by plaintiff and her deceased husband has created a prejudice to the defendant . . . . The passage of time and the death of Allen J. Turner and Frederick J. Turner in the intervening years so obscures the facts, if they be inconsistent with record title, as to place defendant and the Court in an impossible position to ascertain the truth.
> The delay in plaintiff seeking remedy was without fault on the part of the defendant."

█ █ The omission to assert a right for an unreasonable and unexplained lapse of time when the delay has been prejudicial to the adverse party, rendering it inequitable to enforce the right, will always bar relief in equity. What constitutes unreasonable and inexcusable delay depends largely upon the circumstances of the particular case and is ordinarily a question of fact upon which the party asserting it has the burden of proof. *Comings* v. *Powell,* 97 Vt. 286, 293, 122 A. 591 (1923). Laches does not arise from delay alone, but from delay that works disadvantage to another. *Stone* v. *Blake,* 118 Vt. 424, 428, 110 A.2d 702 (1955); *Holt* v. *Ruleau,* 92 Vt. 74, 77, 102 A. 934 (1918).

The plaintiff seeks to recover possession of lands. Her claim to entitlement is based upon that part of the articles of partnership which provides: "Upon the death of either partner all property owned by the partnership shall become the property of the survivor . . . ."

We are here faced with the situation where the plaintiff claims entitlement to lands not in her own right as a party to an agreement but as executrix of the estate of Allen J. Turner, the last surviving partner. She now seeks to recover lands to which the legal record title since the date of acquisition in 1948 has stood in the name of Frederick Turner and then

Frederick Turner and Evelyn Turner, his wife, as tenants by the entirety. She admits that the defendant holds legal record title to the land as surviving tenant by the entirety.

Neither party to this action was a party to the partnership articles. The plaintiff testified, and the court found, that she had known of the existence of such articles since at least 1948. Prior to the bringing of the complaint in this action, the defendant had no knowledge of any claim to the land by the plaintiff or her husband, nor did she have knowledge of the articles of partnership. Although the plaintiff now contends the Vernon lands should be decreed to her, the record is devoid of evidence showing any claim on her part or that of her late husband to the property prior to the decease of her husband at a time when the defendant had been a holder of record title for approximately ten years. The lack of any claim to the land must be viewed in the light of her knowledge of the agreement as well as the relationship of the parties and their respective husbands to the lands in question. The partners and their spouses exchanged visits almost every year and had been upon the lands on several occasions, individually and together.

When the plaintiff and her husband attended memorial services for Frederick Turner, some attempt was made by them at that time to engage in conversation with the defendant relative to what she was going to do with the property. The subject was not directly discussed, and some four years later in 1969, the plaintiff and her husband learned from the defendant that she was going abroad and nothing would be done until she returned. The record discloses no verbal or written claim of ownership on the part of the plaintiff or her husband during any of these conversations, all at a time when the land records would have revealed the status of the record title. The only copy of the partnership agreement provided in court was the one furnished by the plaintiff. From all the evidence, the court could not find that the partners appended a copy of the statement showing the purchase of the Vernon lands to it. The actions on the part of the plaintiff's husband were inconsistent with the existence of a partnership to the Vernon lands, as would support the claim now made by the plaintiff. But, on the other hand, they are consistent with the defendant's claim of being an innocent purchaser

for value without knowledge of any partnership interest. As the court concluded, the lapse of time and the death of both parties to the agreement now have obscured the facts if they are inconsistent with record title, thereby placing the defendant and the court in an impossible position to ascertain the truth.

The plaintiff contends that the doctrine of laches does not apply inasmuch as the statute of limitations relating to the recovery of lands has not yet run. 12 V.S.A. § 501 prescribes a period of fifteen years. However, such contention fails to recognize the nature of the plaintiff's claim which is based upon a partnership agreement. Assuming the court should have found that the Vernon lands were purchased in accordance with the provisions of the partnership articles and became partnership property, these lands were, in 1961, transferred to an innocent purchaser for value upon consideration paid. At the time of Frederick Turner's death, no partnership property existed, and it cannot then be said that the defendant held the property in a constructive trust for the partnership. Annot. 44 A.L.R.2d 519 (1955), and cases cited. Under the provision of the Uniform Partnership Act in effect in this state, at all times material, a conveyance by a partner of partnership property, even though without authority, cannot be recovered by the partnership where it has been conveyed by the grantee to a holder for value and without notice or knowledge that the partner in making the conveyance had exceeded his authority. 60 Am.Jur.2d Partnership § 150. 12 V.S.A. § 501 is not applicable under the circumstances disclosed by the evidence.

The partnership claimed by the plaintiff was dissolved upon the death of her husband. 11 V.S.A. § 1323(4). It was not terminated but continued until the winding up of the partnership affairs was completed. 11 V.S.A. § 1322. The authority and duty of winding up the partnership affairs devolved upon the plaintiff's husband as the last surviving partner. 11 V.S.A. § 1329. There is no evidence of any such undertaking on his part while he lived.

The long delay in the assertion of the claim now made by the plaintiff under the circumstances disclosed by

the evidence and found by the court has resulted in substantial prejudice to the rights of the defendant. *King* v. *White & Hammond,* 63 Vt. 158, 21 A. 535 (1890). More significantly, and of controlling weight, is the failure of the plaintiff's husband as surviving partner to wind up the partnership affairs during which he could have demanded an accounting under 11 V.S.A. § 1245 when he found the partnership no longer held title to the property. Thus, by the exercise of reasonable diligence he could have obtained knowledge of the title. However, since he failed to exercise reasonable diligence, equity will not relieve him, as that would be to encourage culpable negligence. *King* v. *White & Hammond, supra,* 63 Vt. at 167. The conclusion to be drawn from such failure to act in view of his knowledge that the lands in question existed is twofold: (1) that the lands were not partnership property; or (2) he had acquiesced and ratified the transfer. It is not so much the delay in asserting a claim of ownership as it is the reasonable conclusion of non-ownership, which would lead the court of equity to refuse relief at this late date, as it did.

The second claim of error made by the plaintiff relates to the court's application of the Vermont Rules of Civil Procedure, Rule 52, which provides in part as follows:

"(a) Effect. In all actions tried upon the facts without a jury or with an advisory jury, the court shall, upon request of a party participating in the trial made on the record or in writing within 5 days after notice of the decision, or may upon its own initiative, find the facts specially and state separately its conclusions of law thereon . . . .

(b) Amendment. Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59. When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question

has made in the county court an objection to such findings or has made a motion to amend them or a motion for judgment."

Following the hearing, the court filed what we have construed to be a notice of decision under the rule. See *Vermont Structural Steel* v. *Brickman,* 130 Vt. 220, 290 A.2d 28 (1972). Within the prescribed period set by the rule, plaintiff requested findings of fact. Counsel were informed that the court made findings of fact and conclusions of law, which it filed on May 26, 1972. Then it entered judgment on May 31, 1972, in accordance with V.R.C.P. 58. On June 5, 1972, the plaintiff filed requests for findings of fact and conclusions of law. The court correctly followed the rule, because plaintiff's requests, although not so labeled, constituted a request for further findings. See V.R.C.P. 52. These requests were timely filed. There is nothing in the record to suggest that such requests were not considered by the court. No error appears.

*Judgment affirmed.*