**Lawrence E. Hale v. Earl R. Melendy, II**

[421 A.2d 1296]

No. 1-80

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed September 9, 1980

Purported Motion for Reargument Denied October 8, 1980

*Thomas W. Costello* of *Webber and Costello*, Rutland, for Plaintiff.

*Earl R. Melendy, II*, pro se, Londonderry, Defendant.

**Per Curiam.** Defendant appeals from the entry of a judgment holding him liable for the negligent operation of a motor vehicle. In his pro se brief, defendant apparently makes three claims: (1) the trial court's findings are not supported by the record; (2) the trial court erred in denying him a trial by jury; and (3) the state trooper to whom the accident was reported was not called as a witness.

The lower court made the following findings. Shortly before 7:00 A.M. on January 4, 1978, plaintiff was driving at approximately thirty miles per hour down a steep grade on Middletown Road in South Londonderry, Vermont. Snow had fallen the previous evening, and although snow plows had cleared the road, it still was slippery. In clearing the road,

the plows created a snowbank along the sides of the road, which blocked the entrance to defendant's driveway. Because of this, the defendant could not freely enter Middletown Road. He twice attempted to extricate his car from the driveway by driving it through the snowbank. On the second attempt defendant succeeded only to crash into the side of plaintiff's car as it passed.

Based on its findings that plaintiff was operating his car in a careful and prudent manner, that defendant failed to stop before entering Middletown Road, and that defendant crashed through the snowbank onto the road at an excessive speed, the lower court concluded that defendant was the sole proximate cause of the accident. Our review of the record reveals that the lower court's findings and conclusions are amply supported by the record. See V.R.C.P. 52; *Osler* v. *Landis*, 138 Vt. 353, 357, 415 A.2d 1316, 1318 (1980). To be sure, the evidence adduced at trial was in conflict. But where the trial court resolves that conflict favorably to one party, and it appears on appeal that there was evidence to support that resolution, this Court will not disturb the findings. *Cushing & Sons* v. *Labbe*, 137 Vt. 307, 308, 402 A.2d 1192, 1194 (1979).

Defendant's jury trial claim is likewise without merit. V.R.C.P. 38(b) provides that a jury trial may be demanded if such demand is served in writing no "later than 10 days after the service of the last pleading directed to such issue." Rule 38(d) states that failure to serve such demand constitutes a waiver of a trial by jury. These rules are designed to preserve a litigant's constitutional right to a jury trial, Vt. Const. ch. II, § 38, while also promoting the effective administration of justice.

> Proper and effective administration of the courts requires that reasonable notice be given of the intention of a party to avail himself of his right, in a civil case, to put his case before a jury. Without such notice the reference of matters to juries might well become so disordered as to make the right unavailable or ineffective as to any litigant.

*Muzzy* v. *Curtis*, 127 Vt. 516, 517, 253 A.2d 149, 150 (1969). A search of the record discloses that defendant made no de-

mand, written or oral, prior to the trial. Therefore, defendant's claim must fail.

Lastly, defendant claims that he was expecting plaintiff to call the state trooper to whom the accident was reported, and that since plaintiff failed to do so, defendant was unable to present fully his case. While this circumstance was unfortunate, it is not a ground for reversal. It is axiomatic that each party to a civil suit has the right to call witnesses on his own behalf. But we know of no authority that holds that one party is under an obligation to call witnesses for the other party, and that a failure to do so is a ground for reversal.

*Affirmed.*