# Jacqueline Stamato v. Ada Quazzo, Ugo Quazzo and Ada Chester, Inc.

[423 A.2d 1201]

No. 51-80

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 5, 1980

156

 

*Black & Plante, Inc.,* White River Junction, for Plaintiff.

*Arthur J. O'Dea, P.C.,* Manchester, for Defendants.

**Billings, J.** The plaintiff-appellee sought equitable relief pertaining to the title of four pieces of real estate located in Chester, Vermont, and known as the Cahill, Ener, Mowrey and Rob Field properties. After trial without jury the court ordered that various conveyances to and between the defendants-appellants be set aside and that the properties be placed in the names of the defendant-appellant Ugo Quazzo and the plaintiff-appellee as tenants in common. The case concerned itself solely with the interest of the plaintiff, and no interests of the defendants Ada Quazzo or Ada Chester, Inc., as against the defendant Ugo Quazzo were asserted in this Court.

The plaintiff and defendant Ugo Quazzo had been married, and in 1972 the defendant Ugo Quazzo instituted a divorce complaint in New Jersey. In 1974, by way of counterclaim, the plaintiff obtained a decree of divorce. In its decree the New Jersey court recognized that there were various disputes involving the Vermont properties and specifically made no order concerning them, but left the parties to litigate the issues in Vermont. The parties had begun to acquire the properties involved here in 1968. The titles to the Cahill, Mowrey and Ener properties were taken in the name of the defendant Ugo Quazzo only, although the plaintiff was led to believe that title was in their joint names. In 1972, the defendant Ugo Quazzo conveyed these parcels to a corporation known as Ada Chester, Inc. The sole stockholder of this corporation was Ada Quazzo, the sister of Ugo Quazzo. The Rob Field property was purchased in 1969, and although the plaintiff believed that she held title as a joint tenant with the defendant Ugo Quazzo, title was actually taken in the name of the defendant Ada Quazzo. The trial court found that the plaintiff was not aware of how title actually vested until the divorce proceedings in 1972, and further found that the funds used to purchase, renovate and furnish these properties came from the incomes of both the plaintiff and defendant Ugo Quazzo and from gifts of Frank Stamato, the plaintiff's father, and that any monies in

the name of Ada Quazzo were actually the funds of Ugo Quazzo.

■■ The defendants' first argument is that the plaintiff's claim is barred by the doctrine of laches. Laches is the failure to assert a right for an unreasonable and unexplained period of time when the delay has been prejudicial to the adverse party, rendering it inequitable to enforce the right. *Comings* v. *Powell*, 97 Vt. 286, 293, 122 A. 591, 594 (1923). Laches does not arise from delay alone, but from delay that works disadvantage to another. *Turner* v. *Turner*, 131 Vt. 253, 257, 305 A.2d 592, 595 (1973); *Stone* v. *Blake*, 118 Vt. 424, 428, 110 A.2d 702, 705 (1955); *Holt* v. *Ruleau*, 92 Vt. 74, 77, 102 A. 934, 935 (1918). The defendants claim that the plaintiff knew of the title problems long before the divorce proceedings in 1972 and delayed bringing suit until 1976. However, the trial court specifically found, on the believable evidence, that the plaintiff did not learn of these title problems until after the commencement of the divorce proceedings and that the defendants knew of the claim since it was referred to in the New Jersey divorce decree. The defendants have not shown either an unreasonable delay on the part of the plaintiff or prejudice resulting from delay. The trial court found the defendants' assertion of laches to be without merit. "[L]aches is so much a matter of discretion by the lower court that action by that court should not be disturbed unless clearly shown to be wrong." *Laird Properties New England Land Syndicate* v. *Mad River Corp.*, 131 Vt. 268, 282, 305 A.2d 562, 570 (1973). On the record here the plaintiff is not guilty of laches and is not estopped from asserting her claim to the disputed properties.

■ The defendants also claim error in that the pleadings failed to state a cause of action for which relief could be granted. Taking the plaintiff's complaint as a whole, it alleges fraud, dishonesty and unfairness and asks for equitable relief. This allegation is in the nature of a claimed constructive trust and is an appropriate remedy for plaintiff to invoke under the facts alleged here. See *McGann* v. *Capital Savings Bank & Trust Co.*, 117 Vt. 179, 189, 89 A.2d 123, 130 (1952).

■ The defendants' next complaint is that the findings of fact are not supported by the evidence and that the findings

158

do not support the judgment. Specifically, the defendants contend that there is overwhelming evidence that the plaintiff knew of the state of the titles long before the divorce action, and further, that the funds used were those of the defendant Ada Quazzo. The plaintiff, however, gave evidence in direct conflict with the defendants' claims. Findings of fact shall not be set aside unless clearly erroneous. V.R.C.P. 52. When the evidence is conflicting the credibility of the witnesses, the weight and sufficiency of the evidence and its persuasive effect are questions for the trier of fact, and its determination must stand if supported by credible evidence, even though there may be inconsistencies or substantial evidence to the contrary. *Frogate* v. *Kissell*, 138 Vt. 167, 169, 412 A.2d 1138, 1139 (1980); *State* v. *Wall*, 137 Vt. 482, 486, 408 A.2d 632, 635 (1979). On the record, taking the evidence in the light most favorable to the prevailing party and excluding the effect of modifying evidence, the challenged findings are not clearly erroneous and they support the judgment. *Tallarico* v. *Brett*, 137 Vt. 52, 58, 400 A.2d 959, 963 (1979); *Green Mountain Marble Co.* v. *State Highway Board*, 130 Vt. 455, 457, 296 A.2d 198, 200 (1972).

■ The defendants also argue that the Statute of Frauds, 12 V.S.A. § 181, precludes plaintiff's claim as there was no written agreement to put title in the name of the plaintiff and the defendant Ugo Quazzo. 12 V.S.A. § 181, however, is a defense to actions at law, and is not available here where the claim is based on fraud. See *Towsley* v. *Champlain Oil Co.*, 127 Vt. 541, 254 A.2d 440 (1969).

■ Finally, the defendants have here alleged for the first time that they were deprived of due process of law. Although it is difficult to understand the defendants' claim in view of the extensive record of notice and hearings, this issue is not before this Court. Absent extraordinary circumstances we have consistently held that matters raised for the first time on appeal will not be considered. *In re Town of St. Johnsbury Town School District*, 137 Vt. 557, 558, 409 A.2d 573, 574 (1979); *University of Vermont* v. *Town of Mendon*, 136 Vt. 400, 402, 392 A.2d 415, 416 (1978).

*Affirmed.*