**Edward D. Griffith and Dorothy A. Griffith v.
Olaf N. G. Nielsen and Constance Nielsen**

[449 A.2d 965]

No. 236-81

Present: **Barney, C.J., Billings, Hill, Underwood and Peck, JJ.**

Opinion Filed July 12, 1982

424

*Bloomer and Bloomer,* Rutland, for Plaintiffs-Appellants.

*Diamond, Fox & Associates, P.C.,* Montpelier, for Defendants-Appellees.

*Putter & Unger Associates,* Montpelier, for amicus curiae Town of Mt. Tabor.

**Billings, J.** Plaintiffs commenced a declaratory judgment action against defendants seeking the location of a right-of-way leading from Town Road 4 in Mount Tabor, Vermont, across lands of the defendants to lands of the plaintiffs. In

addition, plaintiffs sought damages for interference with the use of the right-of-way and an injunction enjoining defendants from interfering with its future use. After court hearing, the trial court declared the location of the right-of-way but not the width, determined that Town Highway 4 extended beyond defendants' buildings, limited plaintiffs' use of the right-of-way, and denied plaintiffs damages. Both parties appealed.

Plaintiffs acquired lands generally northerly of the defendants together with a right-of-way across the land of the defendants. The original grant of the right-of-way to plaintiffs' predecessor in title was as follows:

> A right-of-way leading from the right of way commencing at the main highway which leads from Danby to Manchester north from and across premises of the grantor herein and leading from the gravel pit, so-called, northerly following the right of way formerly laid out to the northerly boundary line of premises of the grantor. Reserving, however, to the grantor, her heirs and assigns, the right to use said right of way hereinabove described. The grantee, his heirs and assigns, shall have the right to repair the road of said right of way, using gravel from the above mentioned pit.

The defendants' deed described the premises as subject to a right-of-way which was described therein as follows:

> Said premises are subject to whatever reasonable right of way, if any, Vollie H. Griffith may have to cross the same in going to and from his lands easterly of these premises. . . .

Plaintiffs' father and predecessor in title used the travelled way extending easterly from U.S. Route 7 along Town Road 4 between defendants' buildings to the gravel pit and then northerly to plaintiffs' land. Defendants did not physically obstruct plaintiffs' right to use the drive between the buildings, although they advised plaintiffs they had no rights thereto and that the right-of-way should follow the "lower road." There was conflicting evidence as to whether Town Road 4 extended easterly from Route 7 for .11 miles termi-

nating at defendants' gate, or whether it extended .15 miles easterly terminating at the foot of an incline and passing between defendants' buildings.

In the Spring of 1979, plaintiffs planned to commence construction of a residence on their lands, but they never contracted for construction or obtained financing. They claimed their decision was affected by the uncertainty of the location of the right-of-way and that the defendants indicated they could only use "the driveway" right-of-way until the specific location of the right-of-way had been determined by the courts.

Plaintiffs claim the trial court erred as follows: (1) in restricting the right-of-way as to who could use it; and (2) in failing to award plaintiffs damages. On cross-appeal the defendants claim that the trial court erred as follows: (1) in determining that the driveway was part of Town Road 4; (2) in locating the right-of-way on defendants' driveway; (3) in not declaring the width of the right-of-way and determining who had the obligation of maintenance and construction; and (4) in excluding expert testimony relative to the attributes and detriments of the "lower road" as compared to the "driveway."

██ By filing a declaratory judgment, plaintiffs sought a clarification and declaration of legal rights relative to the location and extent of the right-of-way. 12 V.S.A. §§ 4711–4725. The purpose of a declaratory judgment is to enunciate so far as is requested and appropriate the rights of the parties and nothing more. *Shaw* v. *Barrows*, 134 Vt. 343, 343, 359 A.2d 651, 651–52 (1976). On the record here the trial court exceeded its mandate in determining the extent of Town Road 4 since this issue was not requested nor required to determine the location of the plaintiffs' right-of-way. In order to determine this issue, the Town of Mount Tabor was an indispensable party, see 19 V.S.A. chapter 7, and should have been joined. V.R.C.P. 19. Any determinations relative to the extent of Town Road 4 was error.

██ The trial court failed also to determine the rights of the parties relative to the obligation of construction and maintenance as requested. Neither did it declare the width

of the right-of-way. *County of Addison* v. *Blackmer*, 101 Vt. 384, 388, 143 A. 700, 701 (1928). As clarification was not forthcoming, the entitlement to declaration was not carried out, and the matter must be remanded for a proper resolution of these issues. *Shaw* v. *Barrows, supra.*

 The trial court limited the granted right-of-way to certain specific persons despite the fact that the grant was a general one to plaintiff and his heirs and assigns. There is no formula for the creation of a right-of-way; the only essential is that the parties' intention be clear. *Scanlan* v. *Hopkins*, 128 Vt. 626, 629, 270 A.2d 352, 355 (1970). If the language of the instrument is not clear, the intentions of the parties must be gathered from the total language and from the circumstances which prevailed at the time of the conveyance. *Id.* The trial court was in error in limiting the use of the right-of-way, and the cause must be remanded for a proper declaration relative thereto.

 Defendants claim that the trial court erred in excluding expert testimony relative to the attributes and detriments of an alternate route. Defendants' offer was that the expert would testify as to what he believed were reasonable routes in an effort to compromise the matter. Unaccepted offers of settlement or compromise are inadmissible since public policy strongly favors settlement of disputed claims without litigation. *Dutch Hill Inn, Inc.* v. *Patten*, 131 Vt. 187, 192, 303 A.2d 811, 814 (1973). The trial court properly excluded this evidence.

 Plaintiffs claim that the trial court erred in denying them damages on the basis that the defendants did not directly interfere with the plaintiffs' use of the right-of-way and that defendants' actions were not the proximate cause of any ascertainable loss by the plaintiffs. The trial court found that the defendants never obstructed the right-of-way but the defendants did deny the plaintiffs the right to use the driveway road on a substantial basis until "we have a specific determination," although defendants were willing to have the plaintiffs use the alternate "lower road." In addition the trial court found that although the plaintiffs planned to commence

construction in the Spring of 1979, they did not contract for construction or obtain financing and, in fact, purchased a house elsewhere. If the defendants impaired the enjoyment of the right-of-way, the plaintiffs, even though they may not be able to prove any injury or actual damage proximately caused by the defendants' actions, are entitled to a judgment of nominal damages as the law presumes a damage in order for plaintiff to vindicate his right. *Collins* v. *St. Peters*, 65 Vt. 618, 622, 27 A. 425, 426 (1893). The order here must be remanded for the trial court to award nominal damages.

The trial court located the right-of-way as running between the buildings of the defendants and then to plaintiffs' property. Defendants claim the following errors: the right-of-way is not specifically defined in the grant, the "lower road" route is the more reasonable one, the findings are not supported by the evidence, and the findings do not support the judgment as to location. There was conflicting evidence as to the location and the most reasonable access. Findings of fact shall not be set aside unless clearly erroneous. V.R.C.P. 52; *Stamato* v. *Quazzo*, 139 Vt. 155, 158, 423 A.2d 1201, 1203 (1980). When the evidence is conflicting, the credibility of the witnesses, the weight and sufficiency of the evidence, and its persuasive effect are questions for the trier of fact. *Stamato, supra.* Its determination must stand if supported by credible evidence, even though there may be inconsistencies or substantial evidence to the contrary. *Id.* On the record here, taking the evidence in the light most favorable to the prevailing party and excluding the effect of modifying evidence, the trial court's finding as to the location of the right-of-way is not clearly erroneous and must stand.

*Affirmed in part, reversed in part, and remanded for hearing and amendment of judgment in accordance with the views expressed herein.*