## Vivian Beyel v. Charles Degan

[458 A.2d 1137]

No. 401-81

Present: **Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed April 5, 1983

618

*Adams, Darby & Laundon*, Waterbury, for Plaintiff-Appellee.

*Charles Degan*, pro se, Moretown, Defendant-Appellant.

**Billings, C.J.** Defendant appeals from a judgment rendered against him after a trial by court. Although he appears pro se on appeal, he was represented by counsel at trial.

We note at the outset that defendant has failed to comply with the rules of this Court regarding the requisites of adequate briefing: he fails to state the case concisely, V.R.A.P. 28(a)(2); he does not clearly delineate the issues presented for our determination, V.R.A.P. 28(a)(3); nor does he refer to any statutory or case law in support of his arguments. V.R.A.P. 28(a)(4). We have in the past refused to review claims of error inadequately briefed. *State* v. *Settle*, 141 Vt. 58, 61, 442 A.2d 1314, 1315 (1982) (citing *Quazzo* v. *Quazzo*, 136 Vt. 107, 111, 386 A.2d 638, 641 (1978)). Nevertheless, bearing in mind defendant's pro se status on appeal, we reluctantly consider those issues which defendant appears to have raised: first, that he was denied his right to trial by jury, and second, that the court's findings are unsupported by the evidence.

V.R.C.P. 38(b) provides that a party may demand a jury trial by serving on the other parties a demand in writing at any time after the commencement of the action, but no later than ten days after service of the last pleading. V.R.C.P. 38(d) states that failure to serve such demand constitutes a waiver of the right to jury trial. See *Hale* v. *Melendy*, 139 Vt. 28, 30–31, 421 A.2d 1296, 1297 (1980). Although the attorneys for the parties below orally discussed the possibility of jury trial, defendant failed to serve a timely demand as required by the rules. Although defendant later filed a motion to amend his answer to include a request for jury trial, his attorney never complied with the trial court's request that he draft a proposed order to that effect. Upon such failure, the trial court determined that defendant had waived his right to a jury trial. Defendant made no objection to this ruling, proceeded to try the case to the court, and cannot now claim that it was error to fail to allow him a jury trial.

Defendant claims further error in that the findings were "one-sided" and based "almost exclusively on the testimony of the plaintiff and ignored defendant's testimony." Findings of fact challenged on appeal are not to be set aside unless, taking the evidence in the light most favorable to the prevailing party and excluding the effects of modifying evidence, they are clearly erroneous. V.R.C.P. 52; *Dean* v. *Arena*,

141 Vt. 647, 648, 450 A.2d 1143, 1145 (1982) ; *Cliche* v. *Cliche,* 140 Vt. 540, 541, 442 A.2d 60, 61 (1982). When the evidence is conflicting, the credibility of the witnesses, the weight of the evidence and its persuasive effect are matters for the exclusive determination of the trier of fact, *Griffith* v. *Nielsen,* 141 Vt. 423, 429, 449 A.2d 965, 968 (1982), and although there may be inconsistencies or substantial evidence to the contrary, its determination must stand if supported by credible evidence. *Id.* (citing *Stamato* v. *Quazzo,* 139 Vt. 155, 158, 423 A.2d 1201, 1203 (1980)). On this record there was ample evidence to support the trial court's findings, conclusions of law and judgment, and as such they will not be disturbed.

*Affirmed.*