**Thomas M. Gilbert v. Robert P. Davis and Davis Family, Inc.**

[479 A.2d 159]

No. 83-169

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed June 8, 1984

*Gibson, Noble & Goodrich,* Montpelier, for Defendants-Appellants.

Billings, C.J. This is an appeal by the defendant from a small claims judgment rendered in the District Court, Unit No. 5, Washington Circuit. After a court trial, plaintiff was awarded $430.

On September 19, 1981, plaintiff was hired by the defendant, a family run dairy operation, as a herdsman. Pursuant to the terms of the parties' oral contract, plaintiff was to be paid a weekly salary of $175 and was to be provided with housing, health and accident insurance, fuel and basic telephone service. In addition, plaintiff would be entitled to "incentive pay," based on a "rolling herd" formula that took into account income over feed costs divided by the number of cows in milk over a fifty-two week period. The exact formula used in determining the amount of incentive pay is not in dispute. The sole issue before the court was whether the incentive pay was to accrue at the time plaintiff entered into employment with the defendant, or after plaintiff had worked for thirteen months. Plaintiff left the defendant's employ in March, 1982.

The evidence presented by the parties was in complete conflict on this issue. The court found that the parties' oral contract was silent as to when the incentive pay was to begin accruing. In ruling for the plaintiff, the court concluded that

it was reasonable to assume that the incentive pay would accrue as plaintiff's services were rendered. 17 Am. Jur. 2d *Contracts* § 338. The defendant argues that the evidence does not support the court's finding and conclusion of law.

Findings of fact, challenged on appeal, will not be set aside unless, taking the evidence in the light most favorable to the prevailing party, and excluding the effects of modifying evidence, they are clearly erroneous. *Beyel* v. *Degan,* 142 Vt. 617, 619, 458 A.2d 1137, 1138 (1983). When the evidence is conflicting, the credibility of witnesses, weight of the evidence and its persuasive effect are matters for the exclusive determination of the trier of fact. *Id.* at 620, 458 A.2d at 1138. The ruling of the court must stand if supported by credible evidence, even though there may be inconsistencies or substantial evidence to the contrary. *Griffith* v. *Nielsen,* 141 Vt. 423, 429, 449 A.2d 965, 968 (1982).

On the record before us, there is credible evidence to support the court's findings and conclusion of law.

*Affirmed.*