# H. A. Eddy Oil Co., Inc. v. Stuart St. Peter and Patricia St. Peter

[542 A.2d 257]

No. 85-510

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed December 31, 1987

Motion for Reargument Denied January 15, 1988

*Nancy C. Corsones* of *Corsones & Hansen*, Rutland, for Plaintiff-Appellee.

*Stuart and Patricia St. Peter*, pro se, Rutland, Defendants-Appellants.

**Per Curiam.** Plaintiff, H. A. Eddy Oil Co., instituted the present action to collect payment for the delivery of fuel oil to properties owned by defendants, Stuart and Patricia St. Peter. The trial court entered judgment for plaintiff. Defendants bring this appeal pro se. We affirm.

At trial, defendants' principal contention was that the parties had modified their original billing agreement as to one of de-

fendants' properties whereby a tenant of the defendants would be billed directly by plaintiff. Defendants claim the trial court made erroneous findings of fact on the issue. We disagree.

The evidence as to the existence of a modification of the contract was conflicting. The trial court resolved this issue of fact in favor of plaintiff, finding that there was no modification of the original agreement. "Where conflicting evidence is produced at trial, the credibility of the witnesses, the weight of the evidence, and its persuasive effect are matters for the trier of fact to determine; . . . this determination must stand if supported by credible evidence." *Whittemore* v. *Cooley*, 147 Vt. 529, 532, 520 A.2d 1002, 1004 (1986) (citing *Beyel* v. *Degan*, 142 Vt. 617, 620, 458 A.2d 1137, 1138 (1983)). Here, there was credible evidence supporting the finding below, and the determination of the trial court must stand.

Defendants also argue that plaintiff's claim includes unlawful late payment penalties. The trial court determined that the parties agreed to late payment charges of 1½ % per month. This finding, supported by credible evidence, must stand. *Id.* The fuel oil in question was supplied to a property which was leased by defendants for commercial purposes. Therefore, the obligations at issue were incurred "to finance in whole or in part income-producing business or activity"; as such, the parties were free to "contract for a rate of interest in excess of the rate provided" in 9 V.S.A. § 41a. 9 V.S.A. § 46(2). Having done so, defendants may not now complain of the agreed-upon rate of interest represented by the late payment charges.

*Affirmed.*