**Thomas and Lynda King; David and Helen Robinson; Gary Rochon, Mary Larrow, Doris Blodgette; John and Karen Palin; Randy and Shelley Gorton; McGuires v. Ruby Brace and Marilyn Brace d/b/a Farmer in the Dell Mobile Home Park**

[552 A.2d 398]

No. 86-404

Present: **Allen, C.J., Peck and Dooley, JJ., and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed July 15, 1988

*John F. Evers* of *Langrock Sperry Parker & Wool*, Middlebury, for Plaintiffs-Appellees.

*Spokes, Foley & Stitzel*, Burlington, for Defendants-Appellants.

**Peck, J.** Defendants appeal from a judgment and order of the Addison Superior Court finding a breach of the implied warranty

of habitability and awarding plaintiffs compensatory and punitive damages. We affirm.

Defendants own and operate a mobile home park in Starksboro, Vermont. Each of the plaintiffs leased lots in the park pursuant to written agreements with defendants. Plaintiffs were awarded compensatory damages by the trial court as a result of intolerable living conditions caused by malfunctioning septic systems and an antiquated water system which provided water which was either contaminated or so chlorinated as to be neither potable nor usable for other household purposes. The court found the water problems reduced the fair market value of the lots an average of thirty dollars per month, and the septic problems reduced the fair market value of the affected lots an additional forty dollars per month.

Defendants raise three issues on appeal. First, they contend that the trial court incorrectly found them in breach of the implied warranty of habitability that exists when a residential dwelling unit is rented. Defendants next argue that the trial court incorrectly computed the measure of compensatory damages; and finally, they urge us to hold that the trial court erred by awarding punitive damages since there was no evidence of willful or wanton conduct on their part.

This Court has held that "in the rental of any residential dwelling unit an implied warranty exists in the lease, whether oral or written, that the landlord will deliver over and maintain throughout the period of the tenancy, premises that are safe, clean and fit for human habitation." *Hilder* v. *St. Peter,* 144 Vt. 150, 159, 478 A.2d 202, 208 (1984). "[T]he implied warranty of habitability covers all latent and patent defects in the essential facilities of the residential unit." *Id.* at 160, 478 A.2d at 208 (footnote omitted). Defendants argue that the sewage and water defects were not serious health or safety problems rising to the level of a breach of warranty, but minor, malodorous inconveniences. However, on the record before us, we find ample evidence to support the trial court's determination that the severity of the septic and water problems rendered the premises unfit for residential purposes. See *Gilbert* v. *Davis,* 144 Vt. 459, 461, 479 A.2d 159, 160 (1984). Consequently, the court's conclusion that defendants breached the implied warranty of habitability must stand. *Griffith* v. *Nielsen,* 141 Vt. 423, 429, 449 A.2d 965, 968 (1982).

Defendants contend that the trial court incorrectly computed the measure of compensatory damages, and improperly awarded punitive damages. In *Hilder,* we stated that the measure of damages for a breach of the implied warranty of habitability "shall be the difference between the value of the dwelling as warranted and the value of the dwelling as it exists in its defective condition." *Hilder,* 144 Vt. at 161, 478 A.2d at 209. However, "[t]he tenant will be liable only for 'the reasonable rental value [if any] of the property in its imperfect condition during his period of occupancy.'" *Id.* (quoting *Berzito* v. *Gambino,* 63 N.J. 460, 469, 308 A.2d 17, 22 (1973)).

They first argue that the court incorrectly computed the measure of damages because it awarded a reduction of thirty and forty dollars a month for the water and septic problems, respectively, rather than making a day-by-day determination as to the loss of rental value.

When sufficient evidence has been introduced to permit an estimation of damages, "the task of determining damages [is] entrusted to the sound discretion of the fact finder." *Birkenhead* v. *Coombs,* 143 Vt. 167, 173, 465 A.2d 244, 247 (1983). In addition, when formulating the damage award "the finder of fact must weigh both the severity and duration of those conditions which led to the breach, as well as any remedial steps taken by the landlord to abate the conditions." *Id.*

In this case, the trial court concluded that defendants "woefully failed to provide and maintain these [sewage disposal and water supply] vital facilities in a manner which is clean and safe thereby rendering the premises unfit for residential purposes." The court made extensive findings with regard to the extent and duration of the defects and defendants' failure to remedy the problems despite repeated requests by plaintiffs and various notices from the state health authorities. Under these circumstances, we conclude that the trial court did not abuse its discretion by determining that the values of the lots were reduced an average of thirty and forty dollars per month for the water and septic deficiencies, respectively. See *id.* at 172, 465 A.2d at 247.

Finally, defendants argue that the trial court improperly awarded punitive damages since there was no evidence of willful and wanton conduct on their part. Willful and wanton conduct has been defined as "'conduct manifesting personal ill will, or carried out under circumstances of insult or oppression, or even

by conduct manifesting . . . a reckless or wanton disregard of [one's] rights . . . .'" *Hilder,* 144 Vt. at 163, 478 A.2d at 210 (quoting *Sparrow* v. *Vermont Savings Bank,* 95 Vt. 29, 33, 112 A. 205, 207 (1921)). This Court has also stated that punitive damages may be available to a tenant "[w]hen a landlord, after receiving notice of a defect, fails to repair the facility that is essential to the health and safety of his or her tenant . . . ." *Id.* On the record before us there is ample evidence to support the trial court's award of punitive damages in this case.

*Affirmed.*