## DIRECTORS OF SEASONS ON MOUNT SNOW OWNERS ASSOCIATION Acting By and Through Seasons on Mount Snow Condominium Owners Association, Inc. v. SEASONS ASSOCIATES, Seasons on Mount Snow, Inc., David Epstein, and Robert S. Epstein

[693 A.2d 735]

No. 96-272

April 4, 1997. Defendants in this property dispute appeal from a summary judgment in favor of plaintiffs. We reverse.

In January 1985, defendants Seasons Associates and Seasons on Mount Snow, Inc. acquired a 27-acre parcel of land from the estate of Nellie Kull and began development of a 250-unit condominium project known as the Seasons on Mount Snow. In June of 1988, defendants acquired a 10.12-acre parcel of land known as the Sundance property to construct an additional 82 condominium units (Sundance Project). The Sundance parcel adjoined the Nellie Kull parcel. The original project declaration contained a provision purporting to reserve a right-of-way over adjoining property owned or to be acquired by defendants. In addition, quitclaim deeds were executed on behalf of the Condominium Owners Association purporting to convey an easement to use the Seasons Road for access to the Sundance property. The sole means of egress from and ingress to the Sundance Project was the road that served the Seasons Project.

The Directors of the Seasons on Mount Snow Owners Association (plaintiffs) filed a declaratory judgment action in Windham Superior Court to determine whether defendants had a right to use the road for access to the Sundance Project. The parties filed cross-motions for summary judgment. The trial court granted judgment for plaintiffs, ruling that defendants could not create a "hybrid" easement over property to be acquired in the future, that such an easement would improperly add to the burden on the existing easement, and that the quitclaim deeds purportedly executed on behalf of the Owners Association did not comply with the provisions in the Seasons Project declaration and therefore were invalid.

The fundamental issue is whether an easement may be reserved to apply to after-acquired property. Section 10.6 of the declaration in pertinent part provides:

> The Declarant [Seasons Associates], on behalf of and for the benefit of itself and its successors and assigns, reserves a permanent easement over all roads, highways, private ways, streets, ski trails, and paths, whether now existing, designated as to be constructed in the future on any plans recorded herewith or shown on any plan or survey required for any board, agency, municipal or state approval of this condominium development, which it or its successors and assigns may use for access to adjoining premises now owned by it or which it may hereafter acquire.

The character of an easement depends upon the intent of the parties, as drawn from the language of the deed, the circumstances existing at the time of execution, and the object and purpose to be accomplished by the easement. *Griffith v. Nielsen*, 141 Vt. 423, 428, 449 A.2d 965, 968 (1982). Defendants contend that the language of § 10.6 is sufficient to estab-

lish that an easement for a right-of-way was to be reserved over any adjoining property owned or to be acquired in the future.

The trial court ruled as a matter of law that an easement cannot be applied to property acquired in the future regardless of the language in the deed or the parties' intent to do so.* In this regard, we believe the trial court was in error. We first recognized the validity of an easement over property to be acquired in the future in *Percival v. Williams*, 82 Vt. 531, 542-43, 74 A. 321, 324-25 (1909). There we upheld an easement over property that the grantor did not own based upon testimony by the grantor that at the time he made the reservation he expected to become the owner of the benefitted farm. *Percival* has been cited and relied upon by numerous other courts for the principle that an easement may, in appropriate circumstances, be applied to after-acquired property. See, e.g., *Rosenbloom v. Grossman*, 351 S.W.2d 735, 740 (Mo. 1961) ("'[W]e perceive no reason why as between the parties there may not be an agreement or contract to grant an easement appurtenant to property to be acquired in futuro . . . .'") (quoting *Wells v. North East Coal Co.*, 72 S.W.2d 745, 747 (Ky. 1934)); *Kalinowski v. Jacobowski*, 100 P. 852, 855 (Wash. 1909) ("as so far as we are able to ascertain, it has always been the law that where a servitude, such as a right of way, has been granted by an instrument in writing, the fact that the dominant tenement has not been acquired at the date of the instrument cannot, after it has been actually acquired, prevent the servitude from becoming a legal accessory to the dominant tenement, provided the servitude was so used as to give

reasonable notice of the burden to any person in whom the property of the land might subsequently become vested.").

Plaintiffs also contend that the language of § 10.6 is insufficiently precise to establish an easement benefitting the Sundance Parcel, and could be construed, if defendants prevailed, to expand the easement indefinitely over a number of parcels of subsequently acquired property. The declaration states, however, that the easement applies only to adjoining properties to the Nellie Kull parcel, a finite and precise category of property. Furthermore, "the failure of an easement description to specify details . . . does not render the easement excessively vague or unenforceable." *Egidi v. Town of Libertyville*, 578 N.E.2d 1300, 1308 (Ill. App. Ct. 1991); see also *Bradley v. Arkansas Louisiana Gas Co.*, 659 S.W.2d 180, 181 (Ark. 1983) ("Since no specific location of the right of way was given, the grantee was free to locate it any place on the described property it chose, subject to accepted standards of reasonableness and convenience."). Thus, we cannot say that the reservation is ineffective as a matter of law.

Plaintiffs also rely on that portion of § 10.6 providing that the easement applied to all roads "whether now existing, designated as to be constructed in the future on any plans recorded herewith or shown on any plan or survey required for any board, agency, municipal or state approval of this condominium development." Plaintiffs contend that the "spur" road to the Sundance Project was not "existing" at the time of the declaration, was not designated to be constructed on any plan recorded with the declaration, and was not shown on any plan required for approval of the condominium development. Plaintiffs also assert that defendants represented to the Seasons unit owners that the easement was intended only to serve the Seasons Project. Defendants counter that plaintiffs' construction of

---

*The trial court also ruled that the quitclaim deeds purporting to grant an easement on behalf of the Owners Association were invalid. Defendants have not appealed from this portion of the judgment.

§ 10.6, limiting the easement to previously recorded plans, conflicts with the declaration's express purpose of reserving an easement for "access to adjoining premises . . . which it may *hereafter* acquire." (Emphasis added.) They also assert that official plans related to "this condominium project" would include any plan showing an easement over the Seasons Project; they note, in this regard, that plans for an Act 250 permit for the Sundance Project show the road as an easement over the Seasons parcel.

The parties' disparate interpretations of § 10.6, and the conflicting evidence of its scope and purpose, are sufficient to demonstrate an ambiguity that cannot be resolved by this Court. As noted, the precise character of an easement ultimately depends upon the "intentions of the parties," *Griffith*, 141 Vt. at 428, 449 A.2d at 968, and "determining the parties' intent in making the agreement was a question of fact for the [trier of fact]." *Villa v. Heilmann*, 162 Vt. 543, 549, 649 A.2d 768, 772 (1994). Therefore, because an easement may be reserved to apply to after-acquired property, and because material questions of fact exist concerning the precise scope of the easement asserted, we conclude that the summary judgment in this case must be reversed, and the matter remanded for further proceedings.

*Reversed and remanded.*