Mishkit v. Whitney, No. S0227-03 Cncv (Katz, J., Apr. 16, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
Chittenden County, ss.:


MISHKIT

v.

WHITNEY


RULING ON APPEAL FROM SMALL CLAIMS COURT

Defendant dairy farmer appeals a small claims court determination based on the court's failure to consider or apply comparative negligence. Plaintiff visitor parked on a farm road within the farm property looking to show her granddaughter some animals. Visitor's left front tire was on the grass shoulder, but the bulk of her car remained on the road. This road runs alongside the main barn and leads to a manure pond where tractor-pulled manure spreaders load up. The road serves no other purpose but to provide

access to the pond and is used only at certain times of the year. The manure spreaders which are large, cumbersome, and lumbering trailers must be backed down the road to the pond as there is no turn-around. They are inherently difficult to see around and are used within the farm property for spreading manure on the fields. Despite their ungainly nature, they are a useful implements to modern farming and a crucial part of dairy farming. Dairying means cows; cows mean manure; manure must be put somewhere.

Into this world, visitor entered and parked along the manure pond road. She saw a manure spreader coming toward her car and watched how it had to maneuver around the car. She hand signaled to the driver to see if it was okay to park there. Although driver appeared to nod and return the waive, he testified at trial that he had no idea what visitor was signaling about. Despite this or because of this, visitor left her car in the road and went into the barn to look for someone to show off the animals. When she failed to find anyone, she came out of the barn and saw another manure spreader backing into her car and crunching its right rear section.

At trial, the court found in favor of visitor and held farmer liable for the entire amount of damage. The court's findings appear to be based on three conclusions. First, the driver of the spreader coming up the road owed visitor a duty to warn her off the road. Second, farmer was negligent in not providing signage which would tell visitors not to park on the manure road or otherwise direct them to the proper parking area. Third, farmer was negligent in not equipping his tractors with rear view mirrors to prevent accidents. Appeals from small claims court are on the record and are limited to questions of law. V.R.S.C.P. 10. The small claims court's findings of fact will not be set aside unless they are clearly erroneous. Gilbert v. Davis, 144 Vt. 459, 460 (1984).

In this appeal, farmer challenges the court's lack of any consideration of comparative fault on the part of visitor. Under 12 V.S.A. § 1036, a negligence recovery may be reduced up to fifty percent by the comparative negligence of the plaintiff or completely barred if the plaintiff was fifty-one percent or more negligent. From the evidence at trial, farmer adequately raised this issue. He introduced the fact that no one had ever parked on the manure pond lane and that its purpose was well-known. Plaintiff visitor was aware that she parked in an area where bulky farm equipment was necessarily backing down a hill. This was not Dairyland, a family theme park; plaintiff was not in a Dairyland parking lot. Hence, there is a prima facie case for visitor's negligence. See 57A Am. Jur.2d Negligence §§ 154, 885 (1989) (foreseeability of the risk, avoidance of a danger); see also 62A Am. Jur. 2d Premises Liability §§ 766, 772 (plaintiff's duty to keep lookout, knowledge of danger). In its findings and conclusions, the court made no mention of any duty or non-duty that visitor owed to herself by her very presence and knowledge that she was parked on a road with heavy equipment traffic. Section 1036 requires the negligence of one party to be compared with the other's and the recovery to be reduced accordingly. See Gilman v. Towmotor Corp., 160 Vt. 116, 121 (1992) (discussing the comparative requirements of § 1036 in a strict liability context). Here farmer made out his prima facie case, which was not rebutted by the evidence. As negligence is a question for the trier of fact, it is not our place to make a determination or comparison at this time. Shea v. Peter Glenn Shops, Inc., 132 Vt. 317, 318–19 (1974). But its absence from the court's decision suggests it was never considered.

In accordance with 12 V.S.A. § 1036, this case is reversed and remanded.

Dated at Burlington, Vermont_____, 2004.


_____

Judge